UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 11-8626 DSF (JCGx) | Date | 12/9/11 |
|---|---|---|---|
| Title | Tia Smith v. American Mortgage Network, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Motion to Remand

The Court has reviewed Defendants' responses to Plaintiff's motion to remand and the record in this court and in the state court. The removing defendants were served "on or around October 3, 2011," and removed the case on October 18, 2011. (See Notice of Removal.) The notice of removal noted that most of the served defendants had joined in the removal. Served defendant First American Title Insurance Company was not mentioned in the Notice of Removal, which is a facial defect in the Notice of Removal. See Prize Frize, Inc. v. Matrix (U.S.), Inc., 167 F.3d 1261, 1266 (9th Cir. 1999). However, a defective notice of removal can be cured within the 30-day removal period and the case will not be remanded. See id.

A proof of service filed in the state court shows that First American was served in September, but the date is incomplete. (Suppl. to Notice of Removal, Ex. 43.) A formal notice of joinder in the removal was not filed by First American until November 9. November 9 is more than 30 days after the removing defendants were served and more than 30 days after First American was served. Defendants argue that First American's motion to dismiss, filed on October 28, 2011, was sufficient to serve as consent to removal. There appears to be a split in authority as to whether an answer is sufficient consent to removal. Compare Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562 (C.D. Cal. 1988) (answer "arguably" constitutes consent and "may be considered by the court in the exercise of its discretion") with Local Union No. 172 v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

P.J. Dick Inc., 253 F.Supp.2d 1022, 1024-25 (S.D. Ohio 2003) (filing of answer too ambiguous to constitute consent) and Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995) (same).  The Court has not found any cases that hold that a motion to dismiss constitutes consent to removal.  There are many reasons that a party might file a motion to dismiss – including time constraints provided by rule – that have nothing to do with consent to removal.  See also Landman, 896 F. Supp. at 409 (discussing reasons party might file answer even if not in favor of removal).  Therefore, the defect in the Notice of Removal was not cured within the 30-day removal period.

The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.